O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STARK III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILIOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:22-cv-05384-CAS (KES)<br><br>**ORDER APPROVING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

**I.　INTRODUCTION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Joint Stipulation (Dkt. 17), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. See dkt. 19 (the "Report"). Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. See dkt. 21 ("Obj."). The Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. DISCUSSION

Plaintiff was born in July 1998. Report at 1. In October 2020, he applied for Social Security Child's Insurance Benefits pursuant to Title II of the Social Security Act. Report at 1-2. The Administrative Law Judge ("ALJ") found that "[p]laintiff had one severe, medically determinable impairment: depression." Id. at 2. The ALJ ultimately concluded that "[p]laintiff was not disabled prior to July 9, 2020, the date he attained age 22." Id. at 2-3. On August 2, 2022, plaintiff filed this action appealing the ALJ's determination. Dkt. 17 at 2. On July 28, 2023, the Magistrate Judge issued the instant Report recommending that the Court affirm the ALJ's determination. Report at 20.

Plaintiff raises three objections to the Report, arguing that the magistrate judge: (1) erred in affirming the ALJ's rejection of the opinions of plaintiff's treating psychiatrist; (2) erred in affirming the ALJ's rejection of plaintiff's and plaintiff's mother's written testimony; and (3) erred in affirming the ALJ's residual functional capacity ("RFC") and Step Five findings. See dkt. 21.

Regarding the first two objections, the Court finds that witness credibility is best determined by the ALJ. The ALJ gave less weight to the opinions of plaintiff's treating psychiatrist, Dr. Hadi Estakhri, based on various inconsistencies between his opinions and other evidence in the record. Report at 7. Similarly, the ALJ gave less weight to plaintiff's testimony based, in part, on various inconsistencies with the record. Id. at 16-17. Finally, he discounted the written testimony of plaintiff's mother because there was insufficient evidence that she saw him on a regular basis and because she lacks medical expertise regarding medically determinable impairments. Dkt. 16-3 at 27. The Court finds that any suggestion that the ALJ should have relied upon the testimony of Dr. Estakhri is undermined by the significant inconsistencies between his opinions and other evidence in the record, as noted by the ALJ and the Magistrate Judge. The Magistrate Judge additionally found sufficient evidence to support each of the

ALJ's credibility determinations. Accordingly, plaintiff's first two objections do not provide a basis for rejecting the Magistrate Judge's recommendations.

The Court similarly overrules plaintiff's objection regarding the ALJ's RFC and Step Five findings. Plaintiff argues that the Magistrate Judge erred in relying on "the opinions of the non-examining state agency medical consultants . . . to support the RFC finding" because the consultants' opinions are "inconsistent with a full-context review of Dr. Estakhri's treatment records" and are based on a review of "a partial medical file." Obj. at 13. However, both the ALJ and the Magistrate Judge determined that the consultant's opinion was "consistent with Dr. Estakhri's repeated clinical and objective findings." Report at 13.

Plaintiff additionally argues that the Magistrate Judge erred in affirming the ALJ's Step Five finding because the Commissioner only identified two jobs that plaintiff could perform. The Court addresses this argument below.

The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act. See 20 C.F.R. § 404.1520. The process requires the ALJ to determine: (1) whether the claimant is "presently working in a substantially gainful activity"; (2) whether the claimant's impairment is "severe"; (3) whether "the impairment 'meet[s] or equal[s]' one of a list of specific impairments described in the [Social Security] [R]egulations"; (4) whether the claimant is "able to do any work that he or she has done in the past"; and (5) whether the claimant is able to do any other work. Maxwell v. Saul, 971 F.3d 1128, 1130 n.2 (9th Cir. 2020). At step five, "the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999).

      Here, at step five, the ALJ found that plaintiff could work as a commercial cleaner (Dictionary of Occupational Titles ("DOT") 381.687-014), a laboratory equipment cleaner (DOT 381.687-022), and as a mail clerk (DOT 209.687-026). Dkt. 19 at 2. However, the Magistrate Judge determined that plaintiff could not work as a mail clerk because "that job requires Level 3 reasoning which exceeds the mental demands of 'simple' work." Report at 2 n.3. Plaintiff now raises an objection that "two jobs is not sufficient to meet the Commissioner's step-five burden to identify a 'significant range of work' in order to deny a claim." Dkt. 21 at 15 (citing Maxwell v. Saul, 971 F. 3d 1128, 1131-32 (9th Cir. 2020)).

      The Court finds that Maxwell is inapplicable in this case. 971 F. 3d 1128. In Maxwell, the Ninth Circuit addressed "whether two occupations can constitute a 'significant range of work' *under Rule 202.00(c)*" i.e., a Rule governing "individuals of advanced age who can longer perform vocationally relevant past work." Id. at 1131. Individuals of advanced age are defined as those 55 years and older. Id. Here, plaintiff was born on July 10, 1998, and is therefore not an individual of advanced age. See dkt. 16-3 at 28.

      Thus, the operative question for Step Five is whether the ALJ identified a "significant number of jobs" that plaintiff could perform in the national economy. Tackett, 180 F.3d at 1099. The Ninth Circuit has previously held that 25,000 national jobs is sufficient. See Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014). Here, the ALJ identified commercial cleaner (150,000 jobs in the nation) and laboratory cleaner (37,000 jobs in the nation) for a total of 187,000 jobs in the nation. Dkt. 16-3 at 29. The Court finds this is sufficient to support the ALJ's Step Five determination.

### III.  CONCLUSION

      Having completed its review, the Court accepts the findings and recommendations set forth in the Report. IT IS THEREFORE ORDERED that the

Report and Recommendation is approved and accepted and Judgment be entered affirming the decision of the Commissioner.

Dated: February 12, 2024

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge